IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FREDERICK MAURICE ASHMORE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-CV-296-WHA-KFP |
| JESSICA LYNN VENTIERE, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Frederick Ashmore, an inmate proceeding pro se and in forma pauperis, is confined at the Lee County Detention Center in Opelika, Alabama. Ashmore filed this action for damages and injunctive relief using the Court's standard form for actions brought under 42 U.S.C. § 1983. Doc. 1. Ashmore named Jessica Venteire, Kay Nichole Cooper, Garret Saucier, Hayden Hillyard, Clay Thomas, Tyler Luke, and Captain Tony Amerson as defendants. *Id*. Upon review of the Complaint, the undersigned RECOMMENDS that this case be DISMISSED for the reasons below.

**II.   STANDARD OF REVIEW**

Because the Court granted Ashmore leave to proceed in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a complaint or any portion of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court may also dismiss a

complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

### A.   Defamation Claim

Ashmore alleges Captain Amerson falsely stated to television media outlets that he (Ashmore) confessed to crimes for which he had been arrested. Stating that he "didn't start no fire . . . [and] the video footage proves it," Ashmore claims Amerson's false statements adversely affected his state court criminal proceedings. Doc. 1 at 2–3.

The Court interprets Ashmore's allegation as a due process claim under 42 U.S.C. § 1983 based on harm to his reputation. However, Ashmore's allegation fails to state a claim of constitutional proportion;the Constitution does not forbid defamation, whether libel or slander. *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–34 (1991) (holding that defamation, which encompasses libel and slander, is a tort that may be actionable under state law but is not a constitutional deprivation) and *Paul v. Davis*, 424 U.S. 693, 708–09 (1976) (recognizing that an interest in reputation alone is not a liberty or property interest protected by the Due Process Clause, thus holding that defamation does not give rise to a claim under 42 U.S.C. § 1983); *D & D*

*Assocs., Inc. v. Board of Educ. of N. Plainfield*, 552 F. App'x 110, 113 (3d Cir. 2014) (holding that reputational damage is not actionable unless "it occurs in the course or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution"). Additionally, even if Ashmore could establish an interest sufficient to invoke due process protection, there is no indication the protections afforded him as a criminal defendant would be insufficient. *See e.g., Otto v. Williams*, 704 F. App'x 50, 55 (3d Cir. 2017) (holding that plaintiffs' "criminal trial was a constitutionally sufficient name-clearing hearing" to afford them "due process in restoring their reputations").

Here, Ashmore has not alleged he suffered any injury other than that to his reputation. Because injury to reputation alone is not cognizable under § 1983, Ashmore fails to present a cognizable due process violation, and dismissal of this claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

### B.     Claims Against the District Attorney and Assistant District Attorneys

Ashmore sues Lee County District Attorney Jennifer Ventiere and Assistant District Attorneys Kacy Cooper, Garret Saucier, Hayden Hillyard, Clay Thomas, and Tyler Luke regarding matters related to his state court criminal proceedings. In conclusory fashion, Ashmore alleges these Defendants used the media to prosecute the State's case against him, used their power to inflict prejudice in the courtroom, paid his attorney to forego issues that would prove his case, used Amerson's statements to the media to secure an indictment, and withheld exculpatory evidence at his preliminary hearing and from the grand jury. Doc. 1 at 3.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1998). This immunity is applicable even against allegations the prosecutor acted "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978). Even the alleged suppression of exculpatory evidence by a prosecutor is shielded by absolute immunity. *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003).

Ashmore's claims against these Defendants are conclusory and unsupported by any facts sufficient to show how their conduct or actions allegedly violated his constitutional rights. *Ashcroft*, 556 U.S. at 679. Furthermore, Ashmore's claims against that arise from their roles "as . . . advocate[s] for the state," *Mastroianni*, 173 F.3d at 1366, are "intimately associated with the judicial phase of the criminal process," *Imbler,* 424 U.S. at 430, conduct for which these defendants are absolute immune. *Id*. Ashmore is also not entitled to declaratory or injunctive relief for any adverse action taken during matters related to his state court criminal proceedings before the Circuit Court for Lee County. In order to receive

4

declaratory or injunctive relief, Ashmore must establish that there was a violation, that "there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citation omitted). Because state law provides an adequate remedy at law for any adverse actions taken in relation to Ashmore's state court criminal case, his claims against the prosecutorial defendants are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii). *Neitzke*, 490 U.S. at 327.

    **C.    Equal Protection**

Ashmore asserts two inmates at the county jail are detained on the same offenses as he is but complains they received a "slap on the wrist" while he is considered guilty until proven innocent. Doc. 1 at 3. Although Ashmore fails to implicate any named defendant in the challenged conduct, even if he had, this assertion, construed to implicate the Equal Protection Clause, fails to state a plausible claim for relief.[1]

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006). "[O]fficial action will not be held

---

[1] Ashmore describes the challenged conduct as one of "deliberate indifference." Doc. 1 at 3.

5

unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Ashmore fails to meet his pleading burden as he does not allege that he was subjected to any adverse treatment based on some constitutionally impermissible reason. Rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. Because Ashmore fails to state a plausible claim of discrimination, it is not viable and is therefore subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii).

    **D.**    **The Challenge to Plaintiff's Detention**

Public records from the Alabama Trial Court System[2] reflect Ashmore entered a guilty plea on September 20, 2022, in the Circuit Court for Lee County, Alabama, to first degree arson, three counts of attempted murder, and first-degree domestic violence. The same records show Ashmore has been sentenced to a term of life imprisonment for those crimes. The Court takes judicial notice of these public records. *See Keith v. DeKalb Cnty.*,

---

[2] Hosted at www.alacourt.com (last visited November 8, 2022).

749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201); *Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (explaining that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records") (citing Fed. R. Evid. 20(b)). Accordingly, to the extent Ashmore's claims implicate these recent convictions, allowing him to proceed would necessarily impugn the convictions and run afoul of the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed [are] not cognizable under § 1983"). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

Under the circumstances of this case, *Heck* and its progeny bar Ashmore's assertion of any § 1983 claims—regardless of the relief sought—that would effectively constitute a

7

collateral attack on the validity of his underlying convictions. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). Consequently, such claims do not provide a basis on which relief may be granted at this time and are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's 42 U.S.C. § 1983 claims against Defendant Amerson be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's 42 U.S.C. § 1983 claims against Defendants Ventiere, Cooper, Saucier, Hillyard, Thomas, and Luke be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

3. Plaintiff's claims that go to the fundamental legality of the convictions on which he is currently incarcerated be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B).

Further, it is ORDERED that by **November 28, 2022**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of November, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE